UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KRAMER, | Case No. 2:23-cv-00431-JAK (AFM) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME BARRED** |
| COUNTY OF LOS ANGELES, | |
| Defendant. | |

On January 18, 2023, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a state prisoner who is presently incarcerated at San Quentin State Prison in San Quentin, California. On February 7, 2023, plaintiff prepaid the full filing fees. (ECF Nos. 2, 4.) Plaintiff signed and dated his Complaint on January 10, 2023. (ECF No. 1 at 6.) The only defendant named in this action is the County of Los Angeles. (*Id.* at 2.) Plaintiff is seeking monetary damages, attorneys' fees, and prospective injunctive relief. (*Id.*)

The incidents giving rise to plaintiff's claims took place while plaintiff was a pretrial detainee at the Los Angeles County Jail ("Jail") between April 16, 2013, and July 17, 2018. (ECF No. 1 at 1-2.) Plaintiff alleges that he worked at the Jail in various capacities, but he "was not paid for his work and was forced to work under

the threat of punitive measures." (*Id.* at 1.) Plaintiff does not set forth any factual allegations concerning what "threats" were made by whom, who "forced" him to work, or when during his more than five years at the Jail such incidents occurred. Rather, plaintiff merely alleges that he "was coerced to work," and that he was "threatened" by unidentified "Sheriff's Deputies" that he "would receive lengthier jail [sic] sentences [sic] or be sent to solitary confinement." (*Id.* at 2-3.) In this action, plaintiff raises seven claims under federal and state law arising from his allegations that he was forced by unidentified Jail officials to perform work without pay during the period in which he was detained at the Jail. (*Id.* at 3-4.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

The Court's screening of the pleading is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of

truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)). Moreover, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims. *See, e.g., Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Federal civil rights claims arising in California are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. *See, e.g.,*

*Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law determines when a civil rights claim accrues. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) ("the time at which a § 1983 claim accrues is a question of federal law" (internal quotation marks omitted)). A cause of action typically accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bird*, 935 F.3d at 743. In addition, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1 (expressly limiting tolling arising from incarceration to a period not to exceed two years); *see, e.g., Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment).

In this case, plaintiff's federal civil rights claims arising from the alleged failure of Jail officials to pay plaintiff for work that he performed while he was a pretrial detainee accrued no later than the day on which he learned that he was not going to be paid for his work. In his Complaint, plaintiff alleges that the actions giving rise to his federal civil rights claims occurred while he was detained at the Jail between April 16, 2013, and July 17, 2018. Accordingly, any federal civil rights claims that plaintiff may be raising in this action necessarily accrued no later than the day on which plaintiff was transferred from the Jail to state prison, which was July 17, 2018. Giving plaintiff the benefit of any doubt, plaintiff appears to have been continually incarcerated since the accrual of the federal civil rights claims that he is raising herein. His uninterrupted incarceration, however, entitles plaintiff to a *maximum* of two years of statutory tolling. *See* Cal. Code Civ. Proc. § 352.1(a). Plaintiff signed his Complaint herein on January 10, 2023, which is the earliest possible filing date for this action. (ECF No. 1 at 6.) Therefore, taking into account plaintiff's likely entitlement to statutory tolling, in order to be timely filed, plaintiff's

federal civil rights claims in this action had to have been raised no more than four years after July 17, 2022, the date of his release from Jail. Accordingly, absent other grounds for tolling, the federal civil rights claims that plaintiff is raising in this action are time-barred by nearly six months.

In California, a plaintiff may be entitled to equitable tolling if the plaintiff shows that he or she provided timely notice to the defendants of the claims, no prejudice resulted to the defendants, and that he or she acted reasonably and in good faith in filing the claims. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (*citing Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983) (setting forth California's requirements for equitable tolling)). In his Complaint, plaintiff does not allege any facts giving rise to a plausible inference that he was prevented from timely filing this action or that he acted reasonably and in good faith rather than simply allowing the statute of limitations on his claims to run. Under such circumstances, no inference is raised that plaintiff is entitled to equitable tolling of his claims under California law. *See, e.g., Ervin v. Cnty. of Los Angeles*, 848 F.2d 1018, 1019-20 (9th Cir. 1988) (finding a plaintiff was not entitled to equitable tolling because she had "failed to show that she acted reasonably and in good faith by delaying the filing of her federal civil rights action beyond the statutory limitations period").

Following careful review of the Complaint and giving plaintiff the benefit of any doubt, it appears that the present action should be dismissed without leave to amend because any federal civil rights claims that plaintiff is raising in this action are barred by the statute of limitations. A pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Because all of the facts alleged in the Complaint occurred while plaintiff was being detained at the Jail, and plaintiff alleges that he was released from the Jail on July 17, 2022 – which was more than four years before the earliest date on which he could be

considered to have filed this action – it is clear from the face of the Complaint that plaintiff's federal civil rights claims are time-barred.  Further, it appears clear that plaintiff will not be able to cure this basic deficiency in his claims through amendment.  *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).  Moreover, it follows from the Court's finding that plaintiff's federal civil rights claims in this action are barred by the statute of limitations that the Court must recommend dismissal of plaintiff's state law claims without prejudice to plaintiff raising those claims in state court.  *See, e.g., Prather v. AT&T, Inc.*, 847 F.3d 1097, 1108 (9th Cir. 2017); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

************

**Plaintiff therefore is ordered to show cause, no later than May 26, 2023, why this action should not be summarily dismissed as barred by the statute of limitations.  Plaintiff is advised that his failure to timely respond to this Order to Show Cause, or his failure to show why his action is not time-barred, will result in the Court recommending that the action be dismissed.**

Alternatively, if plaintiff wishes, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED  5/2/2023

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE